WEDEKIND *v.* SHUGERT.

[No. 14,522.   Filed April 1, 1932.   Rehearing denied May 19, 1932.   Transfer denied July 1, 1932.]

*Batchelor & Keehn,* for appellant.

*E. H. Stewart,* for appellee.

CURTIS, J.—The appellee filed a petition in the Probate Court of Marion County to qualify as trustee, which petition, omitting formal parts, is as follows: "Your petitioner would respectfully show to the court that on the seventh day of December, 1927, Charles R. Jones, died, a resident of the city of Louisville, in the State of Kentucky; that your petitioner, the said Mary E. Shugert, was a sister of the deceased; your petitioner further states that said deceased, died intestate, leaving a wife, Helen Howe Jones, and a daughter, Jean, an infant, both of whom reside at Indianapolis, Indiana; that at the time of the death of said decedent, said decedent and his wife were separated and were living apart, and that a divorce suit was pending in the courts of Louisville, in the State of Kentucky, but had not yet been determined; that your petitioner would show that as the sister of the decedent, your petitioner was, by said decedent, made the beneficiary of certain policies of insurance on his life, and that your petitioner collected said insurance, after said decedent's death; voluntarily placed the sum of five thousand dollars ($5,000.00) in trust for the use and benefit of said Dorothy Jean Jones, the infant daughter of said decedent, Charles R. Jones, who had expressed such a desire in his lifetime, and qualified as trustee of said fund, and gave bond in the Court of Probate Jurisdiction at Louisville, Kentucky; that said five thousand dollars ($5,000.00) fund was to remain intact, and to be paid to said infant, Dorothy Jean Jones, at the time said infant became eighteen (18) years of age; that in the event of the death of said infant, said fund shall revert to and become the property of this petitioner; that this petitioner should have the interest accruing from said fund, for the use and benefit of said petitioner during the period of said trust.

"Your petitioner would show that she is a resident of Marion County, and is desirous of transferring said fund, which is now on deposit in the city of Louisville, in the State of Kentucky, to the city of Indianapolis, and put said trust fund under the jurisdiction and control of the Probate Court of Marion County, Indiana, subject to the conditions hereinbefore stipulated.

"Your petitioner would further show that she has made known her plans to the judge of the Louisville court, with whom it is agreeable that said fund be transferred to your honorable court.

"Wherefore, your petitioner prays the court for authority and permission to give such bond as the court shall require, to pay the costs of this proceeding and attorneys' fees, to qualify as trustee of said fund, in the Marion Probate Court." This petition was duly verified. The order of the court on the petition was as follows: "And the court having examined said petition and being duly advised in the premises finds that the averments in said petition are true.

"That on the 7th day of December, 1927, Charles R. Jones, died a resident of the city of Louisville, State of Kentucky.

"That the petitioner herein was a sister of the decedent.

"That said decedent died intestate, leaving a wife, Helen Howe Jones, and a daughter, Dorothy Jean Jones, an infant, both of whom reside in the city of Indianapolis.

"That at the time of the death of said decedent, said decedent and his wife were living separate and apart. That a divorce suit was pending in the court of Louisville, Kentucky, but had not been determined.

"That the petitioner herein, as the sister of said decedent, was made the beneficiary of certain policies of insurance on said decedent's life and that the petitioner

collected said insurance after decedent's death and voluntarily placed the sum of $5,000.00 in trust for the use and benefit of Dorothy Jean Jones, the infant daughter of said decedent, Charles R. Jones, who had expressed such desire in his lifetime and that petitioner qualified as trustee of said fund and gave bond in the Court of Probate Jurisdiction in Louisville in the State of Kentucky with the Fidelity and Casualty Company of New York as surety thereon.

"That said $5,000.00 trust fund shall be paid said infant, Dorothy Jean Jones, when she becomes 18 years of age. That in the event of the death of said infant, said fund shall revert to and become the property of the petitioner herein, said Mary E. Shugert, and that said petitioner is entitled to receive and retain the interest arising from the fund during the period of the trust.

"It is therefore ordered and adjudged by this court that Mary E. Shugert, be and she is hereby appointed trustee for said fund and that she give bond in the sum of $5,000.00 with surety to be approved by the court.

"And said Mary E. Shugert, now tenders such bond with Fidelity and Casualty Company of New York as surety, which is approved and ordered filed and is in words and figures as follows:" (Here follows the copy of the bond which need not be set out.)

"The appellant filed a motion to modify the order above set out and we quote enough thereof to show in what respects the appellant sought to have said order modified: "That said findings and entry heretofore made in this court are not in conformity with the original terms of this trust, but are distinctly contrary thereto and should be modified.

"That petitioner, Dorothy Jean Jones Wedekind, is the sole beneficiary of said trust and that she is entitled to the entire use and benefit thereof and that she is en-

titled to the income arising from said trust fund, during the period of said trust.

"That said trustee, Mary E. Shugert, has neglected and refused to turn over any income or interest from said trust fund to this petitioner, Dorothy Jean Jones Wedekind, and that said trustee has failed and refused to account for said income or interest to said beneficiary, and is claiming an interest in said trust fund in event of the death of said beneficiary and that said claim is wholly without right.

"WHEREFORE petitioner prays the court to modify its findings and order heretofore made in this cause, for an accounting by said trustee from the beginning of said trust and for all other proper relief in the premises." The appellant filed with her petition a copy of an affidavit marked "Exhibit A," which affidavit will later be referred to herein and which is as follows: "The affiant, Mary E. Shugert, states that she is the sister of Charles R. Jones, deceased, of 2111 Bonnycastle Avenue, Louisville, Kentucky, who died at or about 3:00 p. m. on December 7th, 1927, at the Jewish Hospital, Floyd and Kentucky Streets, Louisville, Kentucky.

"The affiant states that the deceased died intestate, leaving a wife, Helen Howe Jones, and one daughter, Jean, an infant, both of whom reside at Indianapolis, Indiana.

"Affiant further states that her brother, Charles R. Jones, indicated to her on several occasions, and it was his last wish that the affiant act as trustee of a fund of $5,000.00, which was to be created out of the proceeds of several insurance policies, which the deceased, Charles R. Jones, had made payable to the affiant, and which he directed was to be used for the benefit of his daughter, Jean. Therefore, the affiant, Mary E. Shugert, does hereby acknowledge that $5,000.00 which she

received from the proceeds of the insurance policies, made payable to her, is to be used for the benefit of Jean Jones, daughter of Charles R. Jones, who died as above stated.

Mary E. Shugert.

Subscribed and sworn to before me, this 13th day of December, 1927.

Mathilda F. Kraemer,

(Seal)      Notary Public, Jefferson County, Kentucky.

My commission expires January 30, 1930."

A demurrer was filed to this petition by the appellee and overruled, whereupon the appellee filed an answer in two paragraphs, the first of which was a general denial. Appellant filed a reply in general denial to appellee's second paragraph of answer. Upon the issues thus joined the matter was submitted to the court who made a finding and entered judgment for the appellee as follows: "Come now the parties by their counsel, and this cause having been submitted to the court, and the court after hearing the evidence and after taking said cause under advisement now finds for the defendant trustee and against the petitioner.

"It is therefore ordered and decreed that the petitioner take nothing on his complaint, and said petition be and is hereby denied and that said trustee have judgment for her costs laid out, and expended in the sum of $.......... dollars, all of which is hereby ordered, decreed and adjudged."

The appellant filed a motion for a new trial, which was overruled, and an exception taken and this appeal prayed and perfected. The causes stated in the motion for a new trial are: (1) "The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law." The overruling of the motion for a new trial is the only error assigned.

It is admitted by the appellant in the following lan-

guage that "this was a purely voluntary trust and could have been established on whatever terms appellee pleased. She could have entirely ignored the wishes of the decedent had she so desired, and not established the trust at all. But once it was legally and fully established, she was firmly bound by its provisions, and could not change them except in the manner previously indicated." (Consent or judicial proceedings after notice to the beneficiary.)

Both sides and the trial court proceeded upon the theory that the affidavit heretofore set out, filed in Louisville, Kentucky, setting up a trust fund of $5,000.00 for the use and benefit of the appellant, in the court proceedings there, is the basis of the trust and in a large measure controls the rights of the parties in the instant case. The trial court evidently believed the affidavit to be ambiguous and proceeded to hear evidence to determine the intent of the donor and in what sense she used the expression "is to be used for the benefit of Jean Jones, daughter of Charles R. Jones." It is to be remembered that the maker of the affidavit and the donor are one and the same person, and that she was a pure volunteer in the making of the trust and that she could establish it upon whatever terms she pleased or not establish it at all. It is our opinion that the affidavit is ambiguous and that evidence was properly heard to ascertain the intent of the donor. *Richards* v. *Wilson,* 185 Ind. 335, 112 N. E. 780.

Mary E. Shugert, the donor, testified in substance that she made known the terms on which she wished to establish the trust at the time the affidavit was made, and that the terms she made known at that time were identical with the provisions of the trust as established by the Probate Court of Marion County, and that at the time she signed the affidavit she

objected to it for the reason that it did not contain the conditions of the trust, but that Mr. Clines, her attorney at the time, said "that would be fixed later" and that she signed the affidavit merely to show her willingness to create the trust fund and that the conditions were to be made later.

We have examined the proceedings in the Probate Court of Louisville, as shown by the record, in the matter of this trusteeship, including the final account and inventory and it appears that the only sum taken into account is the sum of $5,000.00. The inventory therein specifically stated that the income on the $5,000.00 was retained by the trustee (appellee) and that the infant (appellant) was to receive the sum of $5,000.00 at the time she became 18 years of age. The settlement as shown by the inventory was confirmed and approved by the court in Kentucky.

As we view it there is not only some evidence but there is an abundance of evidence to sustain the decision of the trial court, and we believe the decision is not contrary to law. The motion for a new trial was correctly overruled.

Judgment affirmed.